Filed 7/27/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085193 |
| v. | (Super.Ct.No. FVI19002475) |
| GEORGE VASQUEZ, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County. Zahara T. Arredondo, Jay H. Robinson and Michael S. Dauber, Judges. Affirmed.

Noriega Law Firm and Lauren A. Noriega for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, A. Natalia Cortina and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

George Vasquez appeals from a judgment entered after he pled guilty to firearm charges following the denial of his motions to unseal a search warrant affidavit, to

1

traverse and quash the search warrant, and to suppress evidence. We conclude the trial court properly denied his motions and affirm.

FACTUAL BACKGROUND

A. *The Search Warrant and Affidavit*

On December 26, 2018, Deputy Ryan Brosowske of the San Bernardino County Sherriff's Department applied for a warrant to search Vasquez's residence on Lakota Road in Apple Valley. Brosowske's affidavit and statement of probable cause contained both a public portion and a portion that he requested be sealed, which consisted of statements from a confidential informant.

In the public portion of the affidavit, Brosowske attested to the following facts. On August 10, 2017, Brosowske located a photograph posted to the public social media page for "George Vasquez," which depicted a man pointing a handgun at the camera and bore the caption, " 'I DON'T NEED PERMISSION TO PROTECT MYSELF, DEFEND MY FAMILY, OR STAND MY GROUND.' " Brosowske identified the man in the photograph as Vasquez from the photograph on Vasquez's California driver's license, and a criminal record search revealed that Vasquez was restricted from possessing firearms as a result of a 2004 felony conviction for willful infliction of spousal injury (Pen. Code, 237.5, subd. (a)).[1] On the basis of this information, Brosowske and other officers from the High Desert Regional Gang Enforcement Team (the investigators) began investigating Vasquez for possession of illegal firearms.

___

[1] Unlabeled statutory citations refer to the Penal Code.

The investigators obtained a warrant to search what they believed to be Vasquez's current residence on Tamarisk Avenue in Hesperia (the "Tamarisk warrant"). A records check had revealed that address listed on his driver's license, and a police report dated June 27, 2016, stated that officers responded to that address in response to an allegation that Vasquez had violated a domestic violence restraining order against him by "point[ing] a firearm at his wife."[2]

The investigators were unable to execute the Tamarisk warrant, however, because when they attempted to do so on August 30, 2017, they learned from the current tenant that Vasquez had recently moved out. The tenant provided two telephone numbers for Vasquez, one of which was for a landline registered to Vasquez's sister-in-law, but surveillance of her residence did not reveal his location.

After making multiple unsuccessful attempts over the next several months to discover Vasquez's current residence, the investigators obtained information on his whereabouts from a confidential informant. Based on that information, as well as surveillance conducted on December 21, 2018, they located Vasquez leaving an apartment on Lakota Road. Vasquez exited the garage attached to the apartment in a 2016 Nissan, which matched the description of the vehicle registered to him. During surveillance, the investigators also saw Vasquez enter the garage from a door inside the apartment and leave the apartment in the morning to drive his wife to work. Upon returning, he parked his car in the garage and remained at the apartment.

---

[2] In his affidavit, Brosowske incorrectly listed the date of the police report as June 27, 2017.

Based on information from the informant about Vasquez's possession of firearms, as well as the fact that, "[t]hroughout the investigation, Vasquez continued to post [photographs of] firearms to his public social media pages," Brosowske believed that a search of the apartment on Lakota Road would "likely yield the recovery of illegal firearms and narcotics." Brosowske thus sought a new search warrant for the apartment on Lakota Road. The warrant identified the persons and places to be searched as all rooms, storage areas, garages, and vehicles associated with the residence, as well as all persons present.

The court issued the search warrant and also granted Brosowske's request that page 9 of the affidavit be sealed to protect the identity of the informant and the confidentiality of official information privileged under Evidence Code section 1040 through 1042.[3]

## B. *The Search of Vasquez's Home*

On the morning of December 28, 2018, Brosowske and other officers executed the warrant and searched the apartment where Vasquez was living with his wife, Melissa, and their three minor children.[4] Inside Vasquez and Melissa's bedroom, they found six firearms, including a revolver on top of one of the nightstands and an AK-47-style rifle in a carboard box next to the other nightstand. They also found ammunition; a backpack containing approximately $1,300 in cash and bottles of prescription pills; a large tote bag

[3] References to the sealed portion of the affidavit refer to page 9.

[4] Because she and Vasquez share the same last name, we refer to Melissa Vasquez by her first name. We intend no disrespect.

containing approximately one and a half pounds of marijuana and marijuana packaging paraphernalia; and a digital scale bearing the residue of marijuana and a white powdery substance. In the garage, they found more marijuana packaging paraphernalia and a loaded revolver wrapped in a towel inside a cooler.

## C. *The Charges and Plea Agreement*

In September 2019, the People charged Vasquez with seven counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), one count of unlawful possession of ammunition (§ 30305, subd. (a)(1)), one felony count of possession for sale of a controlled substance (Health & Saf. Code, § 11594), and one misdemeanor count of possession for sale of marijuana (Health & Saf. Code, § 11359, subd. (b)).

At the preliminary hearing, Brosowske testified that all of the firearms they found were unlocked, accessible, and operational. He said that, after the search, Melissa told him that Vasquez sold marijuana. She also said that all of the firearms belonged to her and that she had been intending to purchase a safe for them but had not yet done so. During her testimony, Melissa denied telling Brosowske that Vasquez sold marijuana and said the marijuana found in their bedroom belonged to her, for medical purposes. She also denied admitting that she did not have a gun safe and said that all of the firearms seized were locked inside safes to which only she had access. The trial court dismissed one of the firearm counts and the two drug counts and held Vasquez to answer for the remaining counts.

5

Both before and after the preliminary hearing, Vasqez filed multiple rounds of motions to unseal the sealed portion of the warrant affidavit (page 9), to traverse and quash the warrant, and to suppress evidence, all of which the trial court denied.

In March 2024, the People filed an amended complaint eliminating the drug charges and alleged seven counts of being a felon in possession of a firearm and one count of unlawful possession of ammunition. On December 6, 2024, Vasquez rejected the People's offer of two years in prison in exchange for a guilty plea to one count of being a felon in possession of a firearm. He instead accepted the trial court's indicated sentence of two years of formal probation in exchange for pleading guilty to all eight counts.

Following the entry of judgment on his plea, Vasquez filed a timely appeal. (§ 1538.5, subd. (m); *People v. Hobbs* (1994) 7 Cal.4th 948, 955-957 (*Hobbs*) [After a guilty plea, a defendant may seek appellate review of his motions to quash and traverse the search warrant and to suppress evidence.].)

## DISCUSSION

A. *Motions To Unseal, Traverse, and Quash*

Vasquez raises multiple challenges to the trial court's denial of his motions to unseal the confidential portion of the warrant affidavit and to traverse and quash the warrant. As we will explain, we conclude each argument lacks merit.

1. Additional Background

a. The first in camera hearing

6

Before the preliminary hearing, Vasquez filed two motions—a *Hobbs* motion to unseal the sealed portion of the affidavit and a combined motion to traverse and quash the warrant.

In his *Hobbs* motion, Vasquez argued that he had "good reason to believe that the confidential informant in this matter is none other than" his sister-in-law, L.P., who, he claimed, "continues to place false calls to police regarding absurd, yet serious claims against [him]." To support his belief that L.P. was the confidential informant, he asserted that L.P. was the source of the 2016 domestic violence allegation referenced in the affidavit.

In his combined motion to traverse and quash, Vasquez argued that the affidavit contained material inaccuracies regarding the 2016 police report and the social media photograph of him with a gun. Specifically, he argued that the affidavit failed to mention that he was not arrested for the alleged domestic violence incident, that the allegation against him was determined to be unfounded, and that the restraining order against him protected his ex-wife, not his current wife. Regarding the photo, he argued that it was "stale" evidence because the August 2017 social media post Brosowske saw was simply a function of the social media site's " 'memory' " feature. According to him, the photograph had originally been posted "on or around 2011." Vasquez argued that these material falsehoods and omissions demonstrated that the showing of probable cause was insufficient and that the warrant should therefore be quashed and the evidence obtained during the search suppressed under section 1538.5. He requested an evidentiary hearing under *Franks v. Delaware* (1978) 438 U.S. 154 to cross examine Brosowske about the

7

inaccuracies if the court determined that he made the requisite preliminary showing—i.e., that Brosowske knowingly or recklessly made a false statement that was necessary to the finding of probable cause.

The People opposed both motions. They argued that Vasquez was not entitled to a *Hobbs* hearing on whether to unseal the confidential portion of the warrant affidavit because he failed to show that the confidential informant is a material witness who would provide exonerating evidence. Regarding the motion to traverse and quash, the People denied that the affidavit contained material falsehoods or omissions or was based on stale evidence. As to the affidavit's reference to the 2016 police report, the People argued that Brosowske provided that information not as evidence that Vasquez had previously engaged in domestic violence but as evidence that he lived at the Tamarisk Avenue address listed on his driver's license. The People attached the police report to their opposition in order to show that the report was relevant for the additional reason that it noted the presence of firearms at Vasquez's residence. Finally, the People argued that the evidence of firearm possession was not stale by the time the investigators obtained the warrant for Vasquez's current residence because he continued to post photographs of himself with firearms on social media during the investigation.

When the parties appeared in court for the preliminary hearing, the trial court (Judge Jay Robinson) proposed addressing Vasquez's two motions before the preliminary hearing, in an in camera hearing, and both parties agreed to that approach. Vasquez submitted a list of questions that he requested be answered during the in camera hearing.

The court reviewed the search warrant affidavit in an in camera hearing, on the record, and in the presence of the prosecutor and Brosowske, the warrant affiant. The court addressed the *Hobbs* motion first, concluding that "the sealed portion of the affidavit . . . was properly sealed" to protect the identity of the confidential informant— who, contrary to Vasquez's belief, was not his sister-in-law, L.P.

The court then addressed the combined motion to traverse and quash. The court asked Brosowske all of Vasquez's submitted questions, many of which ended up being irrelevant because they assumed L.P. was the confidential informant. Then, after asking Brosowske several questions of its own regarding Brosowske's research into the 2016 police report and the photographs Vasquez posted during the investigation, the court denied the motion, concluding that Vasquez failed to satisfy his burden of showing that Brosowske made material intentional or reckless misrepresentations or omissions. The court explained: "Here, Detective Brosowske has responded to the Court's questions and the defense questions with further facts and evidence that would go to explaining investigative steps that were taken and facts obtained through that investigation that further incriminates Mr. Vasquez and supports the probable cause analysis for the … warrant." The court concluded the in camera hearing by stating: "The Court orders that the transcript of these proceedings be sealed, and I'm going to order that the sealed portion of the affidavit remai[n] sealed, and we will return it to the clerk's office …. [¶] I'm going to go out, announce the decision in an overall fashion, and . . . proceed from there."

9

When the court resumed the open court hearing, it announced its ruling denying "the motion to traverse" only and failed to state that it had also denied the *Hobbs* motion and motion to quash. However, the minute order for the hearing reflects the court's ruling on the *Hobbs* motion in the following statement: "In camera hearing concludes, Court orders transcript of in camera hearing sealed. Search warrant VVSW19-1420 is ordered returned to the clerk's office."

      b. The second in camera hearing

In May 2022 and April 2023, after the People filed the amended complaint eliminating the drug charges, Vasquez filed another round of motions to unseal, traverse, and quash the warrant. The People opposed the motions, arguing that Vasquez's arguments had already been addressed and rejected. Vasquez filed a supplemental brief asking for a suppression hearing and arguing that he had not been given the opportunity at his preliminary hearing to litigate his claim that the execution of the search warrant violated his Fourth Amendment rights against unreasonable searches and seizures.

At the hearing on Vasquez's motions, the trial court concluded that it had already ruled on the motions to unseal, traverse, and quash the warrant, but that Vasquez was correct that he had not yet received a ruling on his motion to suppress based on execution issues. The court ruled that Vasquez was entitled to a suppression hearing regarding the Fourth Amendment issues that had not yet been litigated.

About a month after that ruling, Vasquez filed a third round of motions to unseal, traverse, and quash the warrant and suppress evidence under section 1538.5. The trial court (Judge Michael Dauber) held a second in camera hearing to address the motions to

10

unseal and quash the warrant, noting that the motion to traverse had "already been resolved and was denied" by Judge Robinson. Judge Dauber reviewed the search warrant affidavit on the record and in the presence of the prosecutor and Brosowske. After examining Brosowske regarding each sentence of the sealed portion of the warrant affidavit, the court concluded that the entire contents of page 9 were properly sealed. The court stated: "I'm going to find that the [informant's] privilege under [Penal Code section] 1041 is justified. That the confidential informant's identity will remain sealed and undisclosed. Further, that the confidential informant's identity … will [not be] disclosed because ... it relates to continuing investigation, potential threat to the CI, and it is not necessary for the determination of probable cause." Next, the court examined Brosowske regarding his investigation and statement of probable cause, and specifically regarding his statement that "throughout the investigation, 'Vasquez continued to post firearms to his public social media [accounts].' " At the conclusion of that examination, the court found that the affidavit provided probable cause to issue the search warrant.

At the open court hearing, the court announced that it was denying the motion to unseal because the confidential informant privilege applied (Evid. Code, § 1041) and sealing page 9 was necessary to protect that person's identity. It also announced that it was denying the motion to quash because the facts presented in the search warrant provided a fair probability that contraband would be found in the places to be searched.

    c. The *Hobbs* motion for the Tamarisk warrant

11

In October 2024, Vasquez filed a third *Hobbs* motion, this time seeking to unseal the confidential portion of the Tamarisk warrant. The court denied the motion on the ground that the prior, unexecuted warrant was immaterial to Vasquez's case.

2. The Court Properly Denied the *Hobbs* Motions

Regarding his motions to unseal, Vasquez contends that the trial court erred by—(1) hearing ex parte argument from the prosecutor and Brosowske prior to the in camera hearing; (2) failing to rule on his first *Hobbs* motion; (3) failing to state its reasons why it denied his second *Hobbs* motion; and (4) refusing to conduct an in camera review of the Tamarisk warrant. We conclude each argument lacks merit.

"By statutory privilege, public entities may refuse to disclose official information and an informant's identity when disclosure is against the public interest. (Evid. Code, §§ 1040, 1041.)" (*People v. Heslington* (2011) 195 Cal.App.4th 947, 955–956.) Moreover, "[i]t is settled that 'all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege [under Evidence Code section 1041] and protect the identity of a confidential informant.' " (*People v. Martinez* (2005) 132 Cal.App.4th 233, 240 (*Martinez*), citing *Hobbs*, *supra*, 7 Cal.4th at p. 971.) "Consequently, courts are not required to disclose 'the identity of an informant who has supplied probable cause for the issuance of a search warrant . . . where such disclosure is sought merely to aid in attacking probable cause. [Citations.]' [Citations.] Courts may further refuse to disclose the content of an informant's statements to the extent such ' "disclosure ... would tend to disclose the identity of the informer." ' " (*Martinez*, at p. 240, quoting *Hobbs*, *supra*, 7 Cal.4th at p. 962.)

In cases where all or part of a search warrant affidavit has been sealed and the defendant moves to traverse and quash the warrant, the court is required to conduct an in camera hearing to determine if "sufficient grounds exist for maintaining the confidentiality of the informant's identity" and if "the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972, fn. omitted; Evid. Code, § 915.) "Absent a waiver by the prosecutor, the defendant and his or her attorney may not attend the in camera proceeding." (*Martinez*, *supra*, 132 Cal.App.4th at p. 241, citing *Hobbs*, *supra*, 7 Cal.4th at p. 973.)

"Because the defendant will be ignorant of the content of the sealed portions of the affidavit, the court 'must take it upon itself both to examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause, and inform the prosecution of the materials or witnesses it requires. The materials will invariably include such items as relevant police reports and other information regarding the informant and the informant's reliability.' " (*Martinez*, *supra*, 132 Cal.App.4th at p. 241; *Hobbs*, *supra*, 7 Cal.4th at p. 973; Evid. Code, § 915.)

In *Hobbs*, our Supreme Court explained that a trial court is capable of reviewing "all the relevant materials in camera to determine whether they will support defendant's challenges to the search warrant." (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) "[A] sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review." (*Id.* at p. 975.)

13

Having reviewed the sealed portion of the affidavit and the sealed transcript of the in camera hearing, we conclude that there were valid grounds for protecting the identity of the confidential informant, that disclosing the sealed portion of the affidavit would have revealed or tended to reveal the informant's identity, and that the trial court made adequate inquiries at the in camera hearing before making those determinations. Thus, page 9 of the warrant application was properly ordered sealed, and the court correctly denied Vasquez's motions to unseal it.

Vasquez's claim that the trial court improperly heard ex parte argument from the prosecutor and Brosowske prior to the in camera hearing is based on a misreading of the record. To support his claim, Vasquez points to the statements in the October 27, 2020 minute order that the court " 'read and considered defense motion to traverse as well as defense motion pursuant to PC1538.5 and people's opposition' " and that there were "[a]rguments presented by the People prior to in camera hearing." Vasquez contends the court's handling of the motion was "egregiously improper and unconstitutional" because the court allowed the People to "presen[t] argument in chambers prior to the in-camera hearing [and] no record was made as to what was said by the prosecutor and affiant." Vasquez's reading of the minute order is untenable. The order plainly states that the People presented argument *prior to* the in camera hearing, not during it. In other words, the order reflects that the prosecutor presented his argument during the open court portion of the hearing. And our review of the transcript of that hearing confirms that is in fact what occurred. Moreover, having reviewed the confidential transcript of the in camera

hearing, we can confirm that the People did not make any argument outside the presence of defense counsel.

We also reject Vasquez's claims that the court failed to rule on his first *Hobbs* motion and failed to state its reasons for denying the second motion. As we noted above, the trial court did fail to announce its ruling denying the first *Hobbs* motion, but any error caused by that failure was cured when Vasquez received a second *Hobbs* hearing, after which the court did announce its ruling. And, given the confidential nature of a *Hobbs* hearing, the law is clear that a trial court need "simply report" its ruling. (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) Refraining from articulating the underling reasoning for the ruling " 'prevent[s] ... inadvertent revelations of the identity of confidential police informants.' " (*Ibid.*)

Finally, we also reject Vasquez's contention that the court's refusal to address his *Hobbs* motion on the Tamarisk warrant was error. Vasquez has forfeited the argument by failing to support it with any legal authority. (See, e.g., *Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 162 " '[A]n appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities ....' " ].) Forfeiture aside, the trial court correctly concluded that the confidential portion of the Tamarisk warrant affidavit was irrelevant because that affidavit did not provide the probable cause for the search at issue.

For all of these reasons, we uphold the trial court's denials of the *Hobbs* motions.

3. The Court Properly Denied the Motions to Traverse and Quash

15

Vasquez also raises several challenges to the court's denial of his motions to traverse and quash the warrant. We conclude those arguments lack merit as well.

A motion to traverse seeks to challenge the veracity or accuracy of the factual assertions in a warrant affidavit. (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) "This is also known as a subfacial challenge to the warrant." (Rutter Guide, Cal. Crim. Pro., § 6:36.) A motion to quash, on the other hand, is a facial challenge to the sufficiency of the showing of probable cause supporting the warrant. (*Hobbs*, at p. 974; Pen. Code, § 1538.5, subd. (a)(1)(B)(iii).)

When, as here, the affidavit supporting the warrant is sealed, the defendant will not be privy to the information supplied by the confidential informant and may have no way of knowing whether the showing of probable cause was sufficient or likewise whether the affidavit contained material misstatements or omissions. (*Hobbs*, *supra*, 7 Cal.4th at p. 972.) Thus, if a defendant seeks to challenge the veracity or accuracy of the factual assertions in the affidavit (by filing a motion to traverse), or seeks to challenge the sufficiency of the showing of probable cause for the issuance of a warrant (by filing a motion to quash), the trial court "strike[s] a fair balance between the People's right to assert the informant's privilege and the defendant's discovery rights" by conducting an in camera hearing following the procedures outlined in Evidence Code section 915. (*Hobbs*, at p. 972.)

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported

16

by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing." (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) The court should conduct this review in camera, outside the presence of the defendant and defense counsel, and the defendant should be given the opportunity to submit written questions for the trial court to consider. (*Id.* at p. 973.)

To prevail on a motion to traverse, "the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 974, quoting *Franks v. Delaware* (1978) 438 U.S. 154, 155-156 (*Franks*).) If, after in camera review, the court "determines that the materials and testimony before it do not support defendant's charges of material misrepresentation," then "the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse," and along with it, the request for an evidentiary hearing under *Franks*. (*Hobbs*, at p. 974.)

"By the same token, if the defendant has also moved to quash the warrant, 'the court should proceed to determine whether, under the "totality of the circumstances" presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was "a fair probability" that contraband or evidence of a crime would be found in the place searched ....' " (*Martinez*, *supra*, 132 Cal.App.4th at p. 241.) "In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law ... to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is

17

the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)  As with a denial of a motion to traverse, if the court "concludes probable cause existed to issue the search warrant, it should 'report this conclusion to the defendant and enter an order denying the motion to quash.' " (*Martinez*, at p. 241.)

Having reviewed the sealed transcripts of the in camera hearings on the motions to traverse and quash, as well as the public and sealed portions of the affidavit, we conclude that the trial court properly denied both motions.  Regarding the motion to traverse, we conclude that substantial evidence supports the trial court's finding that Brosowske made no material misrepresentations or omissions in applying for the search warrant. Regarding the motion to quash, we conclude, based on an independent review of the entire affidavit, that the trial court correctly found that the information in both portions of the affidavit established, under the "totality of the circumstances," that there was a "fair probability" that contraband or evidence of a crime would be found in the places to be searched pursuant to the warrant.  (*Illinois v. Gates* (1983) 462 U.S. 213, 238.)

As he argued regarding his *Hobbs* motion, Vasquez contends that the trial court failed to rule on his motions to traverse and quash the warrant or, at the very least, failed to "provide reasoning" for its rulings.  Neither claim has merit.  Judge Robinson denied both the motion to traverse and the motion to quash during the first in camera hearing. However, because they were filed as a combined motion, it is unclear whether the court's reference to the "motion to traverse" in the announcement of its ruling was intended as

18

shorthand to refer to the combined motion or was instead intended to refer to the motion to traverse only. Any confusion was cleared up, however, by the fact that Judge Dauber held a second in camera hearing on the motion to quash and announced his ruling denying that motion on the open record. And, by simply reporting its ruling and not articulating its reasoning, the court was following the rule that applies to motions to traverse and quash in cases like this, where the affidavit contains confidential information that was properly sealed. (*Hobbs*, *supra*, 7 Cal.4th at p. 974; *Martinez*, *supra*, 132 Cal.App.4th at p. 241.)

Next, we reject Vasquez's argument that if the court did deny the motions, those denials were erroneous. Vasquez asserts that he carried his burden for obtaining a *Franks* evidentiary hearing on the motion to traverse for two reasons. First, he argues that the affidavit's discussion of the 2016 police report was materially false because it made it seem as though he had a restraining order against Melissa, when in fact it was his ex-wife who had obtained a restraining order against him. We disagree. Brosowske included a reference to the report in the affidavit as background information, to explain why the investigators initially believed that he was residing at an apartment on Tamarisk Avenue. The details of the restraining order against Vasquez are irrelevant to the probable cause analysis. They do not tend to prove or disprove whether there was a fair probability that illegal firearms would be found in his current residence.

Second, he argues that the affidavit's statement that he "continued to post firearms to his public social media pages" constitutes a material falsehood because when defense counsel cross-examined Brosowske at the preliminary hearing, Brosowske "was unable

19

to produce" a single one of the posts "nor could he produce one detail of any post." Vasquez misconstrues the applicable burden of proof. Faced with a motion to traverse and a request for a *Franks* hearing, the trial court treats "the search warrant [a]s presumptively valid and the burden falls on the defendant to show that it contained deliberately or recklessly false statements." (*People v. Torres* (1992) 6 Cal.App.4th 1324, 1334 (*Torres*).) In addition, even if the defendant succeeds in proving an intentional or reckless material falsehood, the motion may nevertheless be denied if, setting aside the falsehood, "there remains sufficient content in the warrant affidavit to support a finding of probable cause." (*Franks*, *supra*, 438 U.S. at pp. 171-172.)

Here, the trial court examined Brosowske about the above statement during the in camera hearing and concluded that Brosowske had not made any material representations or omissions in the affidavit. The court's ruling disposed of the matter. And at the preliminary hearing, the issue before the court was whether there was probable cause to believe that Vasquez committed a felony. (§ 866.) The People were not required to prove the warrant affidavit's statements at the preliminary hearing. Moreover, even if we assume for the sake of argument that the affidavit's statement that Vasquez "continued to post firearms to his public social media pages" was intentionally or recklessly false, Vasquez could not demonstrate prejudice because the information supplied by the confidential informant was sufficient, on its own, to support a finding of probable cause. (*Franks*, *supra*, 438 U.S. at pp. 171-172.)

As to the motion to quash, Vasquez argues that the trial court's denial was erroneous because the evidence to establish probable cause was stale by the time the

20

warrant was executed. According to Vasquez, at the preliminary hearing "Brosowske testified that no new evidence was discovered once he learned [of] the Vasquez family's new residence on Lakota." Because no such testimony appears on the transcript page that Vasquez cites, or, by our review, on any other page, we reject this argument as unfounded. Moreover, even if Brosowske had said that at the preliminary hearing, the information he received from the confidential informant is sufficient, on its own, to constitute probable cause for the warrant, and that information was not stale.

Finally, we reject Vasquez's claim that the trial court erred by addressing the motion to traverse before holding the suppression hearing. In support, Vasquez relies on *Torres*, *supra*, 6 Cal.App.4th 1324, but that case is inapplicable. In *Torres*, officers obtained a warrant to search the defendants' residence based on cocaine found in their vehicle during a traffic stop the night before. (*Id.* at p. 1327.) The People charged defendants with various drug offenses after officers recovered a large quantity of crack cocaine, $35,000 in cash, and drug paraphernalia during the search of their residence. (*Ibid.*) In the trial court, defendants brought a combined suppression motion and motion to traverse, arguing both that the traffic stop was illegal and that the affiant who prepared the affidavit in support of the search warrant was guilty of reckless or intentional misstatements of fact surrounding the stop. (*Id.* at p. 1328.) At the conclusion of "a full hearing in which it heard evidence and argument by both sides on the validity of the detention and search," the trial court ruled that defendants had not met their burden of showing that the affidavit contained intentional or reckless material falsehoods and thus denied the motion to traverse. (*Id.* at pp. 1334-1335.)

21

The appellate court concluded that the trial court "erred by directly adjudicating the *Franks* issue of whether or not there were reckless or false misstatements in the search warrant affidavit instead of first determining the legality of the I-5 stop and search." (*Torres*, *supra*, 6 Cal.App.4th at pp. 1333-1334.) The court further concluded that the error was prejudicial because it excused the People of their burden "to prove by a preponderance of the evidence that the detention and search were justified." (*Id.* at p. 1334.) The court reversed the matter and remanded for the trial court to review the transcripts of the hearing and "determine whether [the People proved that] the I-5 stop and warrantless search were valid." (*Id.* at p. 1335.)

This case does not compel a similar result because the probable cause in Brosowske's affidavit was not derived from a prior detention or search. Rather, the probable cause was based on Brosowske's record searches, review of Vasquez's social media accounts, and conversations with the confidential informant. Moreover, unlike the trial court in *Torres*, the trial court in this case held a hearing on Vasquez's motion to suppress and determined at the conclusion of that hearing that the People satisfied their burden of proving the search of his residence was reasonable.

For all of these reasons, we uphold the trial court's denial of the motions to traverse and quash.

B.  *Motion to Suppress*

Vasquez argues that the trial court erred by denying his motion to suppress. He contends that the evidence obtained during the search of his apartment should have been

excluded as tainted fruit of his unlawful arrest, which occurred outside the "immediate vicinity" of his apartment, in violation of the Fourth Amendment. We are not persuaded.

The court held Vasquez's suppression hearing regarding the execution of the warrant on August 2, 2024. Brosowske testified that he executed the warrant with a team of six to eight other officers. The officers knew, from surveillance, that three minor children lived in the apartment with Vasquez and Melissa. Given the likely presence of drugs and firearms in the apartment, the officers considered it a "high risk search warrant" and thus wanted to execute it "in the safest manner possible to keep the children safe and keep us safe." They concluded the safest method was to surveil, detain, then enter. Brosowske explained: "[I]f someone is suspected of possessing firearms, and they could possibly end up in a barricaded or hostage situation, or exchange of gunfire, we don't want to do that with children present inside the residence, so we would let the potential suspect leave. We keep constant surveillance on that suspect, detain them, and then return back to the residence with them detained in a vehicle, and knock on the door."

Upon arrival, the officers surveilled the apartment until Vasquez and Melissa left together in a vehicle, leaving the children in the apartment. The officers followed Vasquez's car for about five minutes before initiating a traffic stop, detaining them in a patrol car, and transporting them back to the apartment. With Vasquez inside one of the patrol cars, the officers knocked on the door, announced their presence, then entered the apartment and conducted a safety sweep. After the sweep, the officers brought Melissa inside the apartment and told her to sit with the children. With the apartment thus secured, the officers proceeded with the search.

23

After hearing evidence and argument, the trial court denied the suppression motion, concluding that the execution of the search warrant was reasonable and did not violate Vasquez's Fourth Amendment rights.

Relying on *Bailey v. United States* (2013) 568 U.S. 186, 201, Vasquez argues that "detention incident to [the] execution of a search warrant" must be limited to "the immediate vicinity of the premises to be searched." But this case is distinguishable from *Bailey* because here Vasquez's vehicle was listed on the warrant as one of the places to be searched. Moreover, after the officers conducted the traffic stop, they immediately transported him to the immediate vicinity of his apartment, where he remained in a patrol car for the duration of the search. Thus, what Vasquez characterizes as an unlawful arrest was simply a reasonable detention made before conducting the search specified in the warrant, under circumstances where officers are concerned about their safety and the safety of others due to the likely presence of drugs and firearms and were authorized to search the vehicle stopped.

But, even if we assume for the sake of argument that the detention was an unlawful arrest, Vasquez's challenge fails for the more fundamental reason that the affidavit supporting the warrant was not "tainted" by anything the officers observed because of that arrest. *Segura v. United States* (1984) 468 U.S. 796 (*Segura*) is instructive. In that case, narcotics agents arrested one of the defendants and had probable cause to believe that a drug operation was being operated in the defendant's apartment. The agents entered and secured the apartment and remained there for several hours until a magistrate issued a search warrant. The warrant affidavit did not mention that the

24

officers had entered the defendants' apartment or that they had observed drug paraphernalia on entry. (*Id.* at pp. 799-801.) The issue before the United States Supreme Court was whether the drugs found during the later search should have been suppressed. (*Id.* at p. 804.)

The Court explained that "[e]vidence obtained as a direct result of an unconstitutional search or seizure is plainly subject to exclusion. The question to be resolved when it is claimed that evidence subsequently obtained is 'tainted' or is 'fruit' of a prior illegality is whether the challenged evidence was ' "come at by exploitation of [the initial] illegality or instead by means *sufficiently distinguishable* to be purged of the primary taint." ' " (*Segura*, *supra*, 468 U.S. at pp. 804-805.) The Court concluded that "[w]hether the initial entry was illegal or not [was] irrelevant to the admissibility of the challenged evidence because there was an independent source for the warrant under which that evidence was seized." (*Id.* at pp. 813-814.) This was because "[n]one of the information on which the warrant was secured was derived from or related in any way to the initial entry," and thus the search warrant was "a 'means sufficiently distinguishable' to purge the evidence of any 'taint' arising from the entry." (*Id.* at p. 814.)

Here, the evidence of the illegal firearms and ammunition found in Vasquez's apartment during the search was not the "fruit" of the arrest. None of the information to support probable cause in the warrant affidavit was derived from Vasquez's detention immediately before the search. As in *Segura*, the valid warrant search was a " 'means sufficiently distinguishable' to purge the evidence of any 'taint' arising from [the arrest]."

25

(*Segura*, *supra*, 468 U.S. at p. 814.)  We therefore conclude that the court properly denied the motion to suppress.

DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

FIELDS
J.

We concur:

CODRINGTON
Acting P. J.

MENETREZ
J.